## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*Specter et al. v. Rainbow King Lodge, Inc. et al.*
3:17-cv-00194-TMB

By:              THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:        ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Texas Turbine Conversions, Inc.'s ("TTC") "Motion for Reconsideration of Court Order of December 4, 2020 [Docket 313]" (the "Motion").[1] TTC brings the Motion to address a perceived "inconsistency between the Court's clear exclusionary ruling and *five* words in numbered Conclusion 12, on page 17"[2] of the Court's Order on Motions in Limine to Exclude Certain Expert Testimony (the "Order").[3]  The Order addressed, in part, the proffered expert testimony of Plaintiffs' expert Mark A. Pottinger.[4]

Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[5]  Under Alaska Local Civil Rule 7.3(h):

> (1) A court will ordinarily deny a motion for reconsideration absent a showing of one of the following:
> (A) manifest error of the law or fact;
> (B) discovery of new material facts not previously available; or
> (C) intervening change in the law[.][6]

The Court previously concluded that Pottinger was "qualified [to testify] as to his opinions that relate to analyzing the crash and its cause, but not as to other topics such as the legal, regulatory, or testing obligations of TTC or [Recon Air Corporation ("RAC")], or any duty to warn imposed upon TTC or RAC."[7]  The Court also decided that, specifically, Pottinger was qualified to offer "opinions 7–15" as listed in the Order.[8]  Pottinger's Opinion 12 states:

> Had the pilot had full rudder authority *as contemplated by [Civil Air Regulation ("CAR")] 3.120*, he would not have lost control in the manner he did. If the aircraft had stalled while

---

[1] Dkt. 322 (Motion).

[2] *Id.* at 2 (emphasis in original).

[3] Dkt. 313 (Order on Parties' Motions in Limine to Exclude Certain Expert Testimony).

[4] *See id.*

[5] *Blakney v. Prasad*, No. 3:18-cv-00098-TMB, 2019 WL 3253961, at *1 (D. Alaska July 19, 2019) (citation and internal quotation marks omitted).

[6] D. Alaska L. Civ. R. 7.3(h).

[7] Dkt. 313 at 19.

[8] *Id.*

1

in coordinated flight the recovery would have been faster, without the change of direction observed in the ground track data, likely avoiding the impact with the water.[9]

TTC brings the Motion because of the perceived conflict between the Court's finding that Pottinger is not qualified to opine on "legal, regulatory, or testing obligations of TTC or RAC," while also permitting testimony—Opinion 12—which may involve analysis of CAR 3.120.[10]

Opinion 12 addresses a potential cause of the crash and the sufficiency of the plane's mechanical components, such as rudder authority. Pottinger is qualified to offer an opinion on the potential cause of the crash as expressed in Opinion 12. Pottinger is not qualified to testify as to the "legal, regulatory, or testing obligations of TTC or RAC" and thus, he would not be qualified to offer an opinion as to whether TTC or RAC complied with or violated CAR 3.120. The Order excludes such testimony and the Court reaffirms its reasoning and resolves any ambiguity. Pottinger is not qualified to offer expert testimony about CAR 3.120 compliance through Opinion 12, or any other opinion.

For the foregoing reasons, the Court finds no "manifest error of the law or fact," or any other grounds on which to grant reconsideration of its Order. Therefore, the Motion at Docket 322 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 16, 2020.

---

[9] *Id.* at 17 (emphasis added).
[10] Dkt. 322 at 2–3 (internal quotation marks omitted).