IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOLYN L. SPECTER, as Personal Representative of the ESTATE OF JAMES E. SPECTER, M.D., and on behalf of herself, and the Surviving Family Members including KEVIN SPECTER, and DAVID W. WOOD, JR. and MARIANNE WOOD, Individually an on behalf of the marital community,<br><br>Plaintiffs,<br><br>v.<br><br>TEXAS TURBINE CONVERSIONS, INC., a Texas Corporation, RECON AIR CORPORATION, a foreign corporation,<br><br>Defendants. | Case No. 3:17-cv-00194-TMB<br><br>ORDER ON PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE SUPPLEMENTAL REPORT OF MARK E. MADDEN (DKT. 301) |

## I.  INTRODUCTION

The matter comes before the Court on Plaintiffs' Motion to Exclude the Supplemental Report of Mark E. Madden (the "Motion").[1] Texas Turbine Conversions, Inc. ("TTC") and Recon Air Corporation ("RAC") (together, "Defendants") oppose the Motion.[2] The Motion has been fully briefed and is ready for decision without oral argument.[3] For the following reasons, the Motion at Docket 301 is **GRANTED in part** and **DENIED in part**.

---

[1] Dkt. 301 (Motion).

[2] Dkts. 303 (RAC Opposition); 308 (TTC Opposition); 306 (Exs. To TTC Opposition Brief). Judgment was entered for RAC following the filing of the Motion. Dkt. 375 (Judgment for RAC).

[3] *See* Dkts. 301; 303; 308; 306; 309 (Plaintiffs' Reply to RAC Opposition); 310 (Plaintiffs' Reply to TTC Opposition).

1

## II. BACKGROUND

The background facts of this case are set out in detail in this Court's order at Docket 313. The facts are incorporated by reference and will not be repeated here.[4]

At issue is a Supplemental Expert Report ("Supplemental Report") written by defense expert Mark E. Madden and dated September 28, 2020.[5] The Supplemental Report is "based on information gathered during a visit to East Wind Lake on September 14 and 15, 2020."[6] East Wind Lake is the location where the DHC-3 Otter N928RK at issue was located and took off from on the day of the accident, September 15, 2015.[7] Madden wanted to travel to the site in order to collect first-hand information about the conditions "as close as possible" to the conditions on the day of the accident.[8] During his visit, Madden "enhanced [his] understanding of factual information pertaining to the subject accident," including the extent of darkness on the lake at the time of departure and the effect of the lack of light and weather conditions.[9] Plaintiffs state that the Supplemental Report was disclosed to them on October 10, 2020.[10]

Plaintiffs move for sanctions against Defendants because they "plainly flouted this court's order" by filing an "untimely expert witness report."[11] They argue that Madden's Supplemental

---

[4] *See* Dkt. 313 (Order on Defendants' Motions in Limine re: Certain Expert Testimony).

[5] Dkt. 303-5 (Madden Supplemental Expert Report).

[6] *Id.* at 1.

[7] *Id.*

[8] *Id.* at 1, 12.

[9] Dkt. 307 at 3 (Madden Decl.).

[10] Dkt. 301 at 3.

[11] *Id.* at 4.

2

Report has "new information, which Plaintiffs had no prior notice of" and that it amounts to a new expert report.[12] Plaintiffs state that the report is prejudicial because, in part, Plaintiffs "clearly have no opportunity for discovery."[13] They ask the Court to strike the new report and to prevent Defendants from introducing the Supplemental Report, and the substantive content therein, into evidence.[14] They further ask for Madden to be prohibited from testifying.[15] Finally, they ask for sanctions against Defendants for the attorney fees expended in filing the Motion.[16]

Defendants[17] take the position that they were not under any obligation to disclose the Supplemental Report, because the Report is based on Madden's personal observations.[18] They assert that disclosure was a good faith effort to comply with Federal Rule of Civil Procedure ("FRCP" or "Rule") 26(a) to inform Plaintiffs of relevant expert opinions and evidence.[19] They further argue that Federal Rule of Evidence ("FRE") 703 allows Madden to base his testimony on these personal observations.[20] Defendants state that Madden developed no new or different opinions during his visit.[21] After disclosing the Supplemental Report to Plaintiffs, Defendants also

---

[12] *See id.* at 5.

[13] *Id.* at 6.

[14] *Id.* at 5.

[15] *Id.* at 4–5.

[16] *Id.*

[17] Both RAC and TTC make similar arguments and use similar authority, and thus the Court will refer to "Defendants" in its analysis where a position is fairly attributable to both parties.

[18] Dkt. 303 at 11.

[19] *Id.*

[20] *Id.* at 1–2.

[21] *Id.* at 2.

3

offered to make Madden available for deposition at Defendants' expense and to allow Plaintiffs to file a sur-reply to address any then-pending motions in limine that might implicate Madden's opinions.[22] Plaintiffs declined the invitation and reasserted their request to "withdraw the new report, opinions and evidence of Mr. Madden."[23]

In reply, Plaintiffs reiterated their arguments that the Supplemental Report violated the Court's discovery orders, that they would be prejudiced and bear an "unfair burden" because Plaintiffs would have to "police his testimony at trial to ensure that he does not stray into areas that resulted from the untimely discovery efforts."[24]

### III. LEGAL STANDARD

*A.  Rule 26*

Rule 26 governs supplemental disclosures by experts.[25] Rule 26 states, in relevant part:

> (e) Supplementing Disclosures and Responses.
>
>> (1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>>
>>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>>>
>>> (B) as ordered by the court.

---

[22] Dkt. 304-4 at 3 (Ltr. from G. Zipkin, Counsel for RAC, to A. Brodkowitz, Counsel for Plaintiffs).

[23] Dkt. 304-5 at 2 (Ltr. from A. Brodkowitz to G. Zipkin).

[24] Dkt. 309 at 9.

[25] Fed. R. Civ. P. 26(2)(E) ("The parties must supplement these disclosures when required under Rule 26(e).").

4

> (2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.[26]

Rule 26 "does not cover failures of omission because the expert did an inadequate or incomplete preparation."[27] Courts have rejected supplemental expert reports that "'were significantly different from the expert's original report and effectively altered the expert's theories'" or "'attempted to deepen and strengthen the experts' prior reports.'"[28] "Accordingly, a supplemental expert report that states additional opinions or 'seeks to "strengthen" or "deepen" opinions expressed in the original expert report' is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)."[29] Supplementation is typically borne from "information that was not available at the time of the initial disclosure."[30]

---

[26] Fed. R. Civ. P. 26(e).

[27] *Tesoro Refining & Mktg. Co. LLC v. Pac. Gas & Elec. Co.*, No. 14-cv-00930-JCS, 2016 WL 158874, at *10 (N.D. Cal. Jan. 14, 2016); *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D. Haw. 2008) (noting Rule 26(e) "does not give the producing party a license to disregard discovery deadlines").

[28] *Duarte Nursery, Inc. v. U.S. Army Corps of Eng'rs*, No. 2:13-cv-02095-KJM-DB, 2017 WL 3453206, at *6 (E.D. Cal. Aug. 11, 2017) (quoting *Lindner*, 249 F.R.D. at 639); *see also Martinez v. Rycars Const., LLC*, No. CV410–049, 2010 WL 6592942, at *3 (S.D. Ga. Dec. 2, 2010) ("The supplementation option 'is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy.'") (citation omitted)).

[29] *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (citing *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 433 (N.D. Okla. 2008)).

[30] *Cross-Fit, Inc. v. Nat'l Strength & Conditioning Assoc.*, No. 14cv1191-JLS(KSC), 2018 WL 3491854, at *8 (S.D. Cal. July 18, 2018) (internal quotation marks and emphasis omitted).

5

B.  *Rule 37*

Rule 37 provides the Court with tools to remedy a party's failure to comply with FRCP 26(a) or (e). It states:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).[31]

"A party who fails to disclose information required by Rule 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2) is not permitted to use the undisclosed evidence at trial unless the failure is harmless or substantially justified."[32] "[T]he burden is on the party facing sanctions to prove harmlessness."[33] The Court has "wide latitude . . . to issue sanctions under Rule 37(c)(1)."[34]

---

[31] Fed. R. Civ. P. 37(c).

[32] *Kowalski v. Anova Food, LLC*, No. 11–00795HG–RLP, 2015 WL 1119457, at *2 (D. Haw. Feb. 12, 2015) (citing Fed. R. Civ. P. 37(c)(1)).

[33] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[34] *Id.* at 1106.

6

## IV.     DISCUSSION

For the following reasons, Plaintiffs' Motion is **GRANTED in part** and **DENIED in part**. The Supplemental Report shall be stricken from the record, and Madden shall be prohibited from testifying at trial as to the observations and conclusions attributed to his visit to East Wind Lake in September 2020. Madden, however, will not be precluded from testifying at trial as to the opinions in his original expert report, subject to any limitations imposed by the Court's in its prior orders on the parties' motions in limine. The Court will not impose any additional sanctions as result of the disclosure of the Supplemental Report and will not award Plaintiffs attorney's fees.

Plaintiffs assert that Defendants "plainly flouted" the Court's discovery order by filing the Supplemental Report and as a result they want the Court to punish Defendants by not only striking the Supplemental Report, but prohibiting Madden from testifying all together.[35] Plaintiffs say they would be prejudiced by allowing Madden to testify as to his September 2020 observations because they cannot depose him or the new witness identified by Madden, obtain new rebuttal opinions, or file motions in limine to respond to the report and issues it generates.[36] They also ask for additional sanctions to compensate them for bringing the instant Motion.[37] On the other hand, Defendants assert that they did not have to disclose anything, but nevertheless, the Supplemental Report is a "good faith effort" to disclose the full basis of Madden's expert opinions.[38] Defendants also argue that Plaintiffs are not prejudiced, because, they in fact rejected the discovery solution proposed by

---

[35] Dkt. 301 at 4–5.

[36] *Id.* at 3.

[37] *Id.* at 5.

[38] Dkt. 303 at 11.

Defendants.[39] Namely, Defendants offered to accommodate the discovery issues implicated by the Supplemental Report, and Plaintiffs rejected the offer.[40]

Rule 26 imposes a duty first to disclose "a complete statement of all opinions the witness will express and the basis or reasons for them" and "the facts or data considered by the witness in forming them[.]"[41] It also requires parties to "supplement or correct its disclosure or response" when a "party learns that in some material respect the disclosure or response is incomplete or incorrect[.]"[42] The penalty for failing to timely provide the information under Rule 26 is governed by Rule 37, which bars the party from using late-filed information at trial unless the party's failure "was substantially justified or is harmless."[43]

There is no dispute that Madden's original expert report was timely disclosed.[44] As part of that report, Madden discussed the causes of the accident, including the decision to takeoff in "night conditions with inadequate ground references."[45] Madden discusses the conditions as part of the "error chain" that led to the plane crash.[46] Madden was deposed in January 2020 and stated

---

[39] *Id.* at 21.

[40] *Id.*

[41] Fed. R. Civ. P. 26(b)(i)–(ii).

[42] Fed. R. Civ. P. 26(e).

[43] Fed. R. Civ. P. 37(c). Plaintiffs invoke Fed. R. Civ. P. 37(b), however, that rule governs sanctions in relation to failure to obey by certain discovery orders not applicable to the current dispute. *See* Dkt. 301 at 4.

[44] *See* Dkt. 303-1 (Madden Expert Report).

[45] *Id.* at 4.

[46] *Id.* at 3–4.

that he wanted to file a supplemental report based on observations at East Wind Lake.[47] Specifically, Madden stated:

> Again, as I stated previously, the idea of the site visit -- for two purposes. One is to, you know, witness for myself what the lighting looked like under the same conditions, same time of day. And also to check the potential for a float strike on the trees on that southern peninsula. So, there's two reasons for that. And, at this point, it's just a hypothetical. It might help to explain the actions or inactions of the flight. And for that reason, I'm out looking at -- I would be looking at whether or not the hypothetical makes sense -- still makes sense. And then also to have the opportunity to say, "Hey. I was there at the same time of day based on the time of year, the same date or very close to the date. Whichever date's necessary in order to replicate the actual departure time as far as we know in relation to the start of morning civil twilight."[48]

Madden's statements clearly indicate that he wanted to visit the site to expand the basis for his opinions relating to the topography, lighting, and other conditions as they may have been on the day of the accident. Madden subsequently visited East Wind Lake on September 14 and 15, 2020, and the Supplemental Report followed.[49] There is no dispute that the Supplemental Report was disclosed to Plaintiffs after the expert disclosure deadline of December 31, 2019 and after the close of discovery on March 13, 2020.[50] Defendants did not file a motion seeking leave to extend discovery to allow Madden to conduct observations at East Wind Lake.

In order for the Supplemental Report to stand, it would need to comply with Rule 26(e). Supplemental reports are available as a mechanism to correct inaccuracies or to update the report based on new information, meaning, information that was not available at the time the report was

---

[47] Dkt. 303 at 13.

[48] *Id.*; Dkt. 303-4 at 71:17-72:20 (Madden Dep. Tr.).

[49] Dkt. 303-5 at 1.

[50] *See* Dkt. 116 at 3 (Scheduling & Planning Order).

filed.[51] Defendants argue that the information in the Supplemental Report "was not available for [Madden's] original report because, in order to reliably assess visibility and darkness, he needed to visit the site on the same date and time as the accident."[52] However, nothing precluded Defendants from seeking the desired information and expert opinion *before* the expert disclosure deadline. Defendants admit that Madden was retained in August 2019.[53] Madden states that he was not able to "adequately prepare to assess the accident scene" at that point.[54] Madden could have traveled to East Wind Lake at a different time (albeit with a more limited mission, since lighting conditions would be different), Defendants could have arranged to have another expert visit the site in September 2019, or they could have moved for an extension of the discovery deadline for this purpose. The only reason Madden's observations are "new information" is because Defendants waited to collect the information. Defendants chose to "ask for forgiveness [rather] than seek permission" regarding East Wind Lake expert discovery; the Supplemental Report is not substantially justified.[55] Plaintiffs should not have to unwillingly bear the burden of inadequate planning or logistical challenges on the part of Defendants.

---

[51] *See Duarte Nursery*, No. 2:13-cv-02095-KJM-DB, 2017 WL 3453206, at *6; *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11–cv–1273 LJO BAM, 2013 WL 1982797, at *5 (E.D. Cal. May 13, 2013); *Burger v. Excel Contractors, Inc.*, No. 2:12–cr–01634–APG–CWH, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013).

[52] Dkt. 308 at 9–10.

[53] *Id.* at 10.

[54] Dkt. 307 at 3.

[55] *See Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 185 (S.D. Cal. 2020) (internal quotation marks omitted).

Defendants go to great lengths to show that Madden's Supplemental Report does not contain any new opinions.[56] While the Court agrees that the Supplemental Report does not contain any new expert opinions, it finds that the Report impermissibly bolsters his previously-disclosed opinions. Madden traveled to East Wind Lake in order to expand the basis for his opinions, including to explain to the jury that he "was there at the same time of day based on the time of year, the same date or very close to the date."[57] Madden sought to "strengthen" or "deepen" opinions expressed in the original expert report, which "is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)."[58]

Courts have found late disclosures harmless where discovery was still open, only recently closed, or where there was bona fide new information.[59] The authority cited by Defendants corroborates this. For example, in *Mintel Intern. Grp., Ltd. v. Neergheen*, the court permitted supplemental disclosures in December 2008 and early January 2009, even though the parties

---

[56] Dkt. 308 at 10 ("Madden's supplemental report contains no new theories or opinions.").

[57] *See* Dkt. 303-4 at 71:17-72:20 (Madden Dep. Tr.).

[58] *See Plumley*, 836 F. Supp. 2d at 1062 (citing *Cohlmia*, 254 F.R.D. at 433); *Cross-Fit, Inc.*, No. 14cv1191-JLS(KSC), 2018 WL 3491854, at *11 (impermissible supplement where there was "additional research" added to the report after discovery closed); *see Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-cv-00824 JWS, 2017 WL 3887337, at *3 (D. Ariz. Sept. 6, 2017) ("By 'locking' the expert witness into what Fed. R. Civ. P. 26(a)(2)(B) calls 'a complete statement of all opinions to be expressed and the basis and reasons therefor,' the opposing party knows exactly what she is facing and can decide whether to take the deposition of the expert and how to prepare for cross examination and rebuttal. When the expert supplements her report by addressing a new matter after discovery has ended, the very purpose of the rule is nullified.") (citing *Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003)).

[59] *See Manhattan Const. Co. v. Phillips*, No. 1:09–cv–1917–WSD, 2012 WL 113646, at *7 (N.D. Ga. Jan 13, 2012) (additional depositions occurred between the original and amended expert reports).

11

agreed to an expert disclosure deadline of November 30, 2008.[60] The court reasoned that the disclosures were supplemental and not prejudicial, especially since the court had "approved some additional discovery in December and January on matters that remained under investigation by the parties' experts[.]"[61] In *Manhattan Const. Co. v. Phillips*, the court permitted a supplemental expert report where the original report was filed in April 2010 and additional depositions occurred in late June 2010.[62] The court reasoned that it was appropriate for the expert to supplement his report "in light of the additional evidence obtained after the filing of the [o]riginal [e]xpert [r]eport."[63] Finally, in *Talarico v. Marathon Shoe Co.*, the court permitted a supplemental report filed more than three months after the expert disclosures deadline because it "provided no further detail, evidence or explanation[.]"[64] The posture of this case is different than any of the aforementioned cases cited by Defendants. Discovery closed approximately a year ago, the information obtained by Madden is not new information that was unavailable to Defendants prior to the expert disclosure deadline, and the parties are in the midst of preparing for mediation and trial.

"Plaintiffs [are] not required to articulate how they would be prejudiced" since it is Defendants' burden to show that the disclosure was "substantially justified or is harmless."[65] Here, Defendants have not demonstrated that the disclosure was substantially justified or harmless, and

---

[60] 636 F. Supp. 2d 677, 685 (N.D. Ill. 2009).

[61] *Id.* at 686.

[62] No. 1:09–cv–1917–WSD, 2012 WL 113646, at *7.

[63] *Id.*

[64] 182 F. Supp. 2d 102, 115 (D. Me. 2002).

[65] *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

12

Plaintiffs have made affirmative appeals that show they would be prejudiced by allowing Madden to testify as to the contents of the Supplemental Report. Plaintiffs raise legitimate concerns about the feasibility of deposing Madden, obtaining new rebuttal opinions and filing potential motions in limine on Madden's bolstered testimony.[66] If the Court were to authorize the Supplemental Report, it "would have to substantially modify the Scheduling Order to reopen discovery after it has been closed for approximately a year."[67] Given the proximity to trial, the Court declines to do so. Further, Defendants will not be unduly prejudiced because they can still rely on their detailed initial expert reports, including Madden's initial report.

Finally, the Court finds Defendant's arguments under FRE 703 to be unavailing. While FRE 703 permits experts to base their opinions on personal observation and experience, here the overriding rule mandating exclusion is Rule 37(c), which prevents Madden from using the observations in the Supplemental Report to bolster his testimony at trial, since the expanded basis for his opinion was late-filed and not substantially justified or harmless.[68] While Madden cannot unsee what he saw during his September 2020 visit to East Wind Lake, the Court believes the proper remedy is to strike the Supplemental Report and only bar Madden from discussing the September 2020 observations as part of his testimony in front of the jury. The Court does not believe this dispute warrants further sanctions such as more severe limits on Madden's testimony or an award of attorney's fees.

---

[66] *See* Dkt. 301 at 3. While Plaintiffs declined Defendants' invitation to stipulate to allow the Supplemental Report in exchange for adjusted discovery and briefing deadlines, Plaintiffs were under no obligation to do so, especially in light of the extensive discovery negotiations that took place earlier in this case.

[67] *See Butler v. Unified Life Ins. Co.*, CV 17-50-BLG-SPW-TJC, 2019 WL 4479838, at *3 (D. Mont. Sept. 18, 2019).

[68] *See* Fed. R. Civ. P. 37(c).

## V. CONCLUSION

Accordingly, for the foregoing reasons, the Motion is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** insofar as Madden will not be permitted to refer to his visit to East Wind Lake in September 2020 at trial nor refer the observations collected as part of his visit and memorialized in the Supplemental Report. The Supplemental Report is therefore **STRICKEN** from the record. The Motion is **DENIED** insofar as Plaintiffs ask the Court to preclude all of Madden's proffered testimony and **DENIED** as to additional sanctions requested, including attorney's fees.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 26th day of March 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE