**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*Specter et al. v. Rainbow King Lodge, Inc. et al.*
Case No. 3:17-cv-00194-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Texas Turbine Conversions, Inc.'s ("TTC") Motion to Compel Discovery Deposition of Plaintiffs' Expert Ronald D. Smith (the "Motion").[1] Plaintiffs oppose the Motion (the "Response").[2] TTC filed a brief reply.[3] The matter is fully briefed and ready for disposition without oral argument. For the following reasons, the Motion is **DENIED**.

TTC moves under Federal Rules of Civil Procedure ("Rule(s)") 26(b)(4)(A) and 37(c)(1)(C) to compel the deposition of Plaintiffs' rebuttal expert Ronald D. Smith.[4] Plaintiffs identified Smith as a rebuttal expert to address "spatial disorientation" and Smith disclosed his rebuttal expert report on February 25, 2020.[5] TTC believed that it had a meritorious motion to exclude Smith's testimony, so it declined to depose Smith prior to the close of discovery on March 13, 2020.[6] The Court denied TTC's motion to exclude Smith's testimony on December 8, 2020.[7] On February 22, 2021, TTC asked Plaintiffs' counsel to depose Smith.[8] On February 24, 2021, Plaintiffs' counsel refused to make Smith available for a deposition.[9] TTC now asks the Court to step in and compel Smith's deposition because Smith "was not disclosed until February 25, 2020," and Plaintiffs have "'an obligation to cure any prejudice suffered by'" TTC as a result of Plaintiffs' discovery violation.[10] TTC argues that the Court has the power under Rule 37 to impose sanctions on Plaintiffs for the allegedly-late disclosure, and it asks the Court to impose the sanction of ordering Plaintiffs to make Smith available for a deposition.[11] TTC states that it did not depose Smith before the close of discovery because of the expense and COVID-19 pandemic.[12]

---

[1] Dkt. 367 (Motion).
[2] Dkt. 378 (Response).
[3] Dkt. 382 (Reply).
[4] Dkt. 367 at 1.
[5] *See* Dkt. 165-10 (Smith Rebuttal Report); Dkt. 367 at 3.
[6] Dkt. 367 at 1–4.
[7] Dkt. 317 (Order Denying Motion to Exclude Smith).
[8] *See* Dkt. 367-1 (Ltr. from J. Thorsness to A. Brodkowitz).
[9] *See* Dkt. 367-3 (Ltr. from A. Brodkowitz to J. Thorsness).
[10] Dkt. 367 at 5.
[11] *Id.*
[12] *See id.* at 7.

1

Plaintiffs oppose the Motion.[13] In their Response, they argue that the Court should apply Rule 16(b), which governs modifications to the Scheduling and Planning Order that establishes expert disclosure deadlines.[14] Plaintiffs argue Rule 16(b) is the appropriate framework because they complied with the Scheduling and Planning Order and timely disclosed Smith as a rebuttal expert witness and timely disclosed his report.[15] Since there was no violation of any discovery rule, Rule 37 sanctions are not available to the Court, and thus, the Motion should be viewed as a proposed amendment to the Scheduling and Planning Order.[16] Plaintiffs argue that TTC has not shown good cause under the Rule.[17] Specifically, TTC was not diligent in pursuing the deposition of Smith, TTC could have asked for an extension prior to the close of discovery, and even waited more than two months *after* this Court's Order denying its motion to exclude Smith's testimony before asking for a deposition.[18] Further, they argue that trial is imminent, allowing Smith's deposition would require a cascade of other discovery, and TTC has made no showing about what it might discover.[19]

Rule 26(b)(4)(A) states that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."[20] Rule 37(c)(1)(C) gives the Court the power to "impose other appropriate sanctions" for a party's failure to "provide information or identify a witness as required by Rule 26(a) or (e)[.]"[21] Rule 16(b)(4) states that "[a] schedule may be modified only for good cause[.]"[22]

The Court finds that the Motion fails under either framework under the Rules. First, TTC's Rule 37 argument is unavailing. TTC disagreed with Plaintiffs' characterization of Smith as a rebuttal expert and believed that he was, in actuality, a late-identified non-rebuttal expert.[23] The Court rejected that argument.[24] There does not appear to be any violation of the Scheduling and Planning Order, since the parties consented to the filing of rebuttal expert reports on February 25, 2020, which is when the Smith report was disclosed.[25] TTC has not squarely alleged what Plaintiffs did wrong, and thus there is no basis for Rule 37 sanctions. Furthermore, the Court would be hard pressed to issue the sanction of ordering Smith's deposition, since it is undisputed that Smith's report was disclosed prior to the close of discovery, TTC declined to depose him when given the opportunity, and given the amount of time that has passed.

---

[13] Dkt. 378.
[14] *See* Fed. R. Civ. P. 16(b)(4).
[15] Dkt. 378 at 2.
[16] *Id.* at 3.
[17] *Id.* at 3.
[18] *Id.* at 5–7.
[19] *Id.* at 7–8.
[20] Fed. R. Civ. P. 26(b)(4)(A).
[21] Fed. R. Civ. P. 37(c)(1)(C).
[22] Fed. R. Civ. P. 16(b)(4).
[23] *See* Dkt. 367 at 2.
[24] *See* Dkt. 317.
[25] *See* Dkts. 367 at 4; 378 at 10; 116 (Scheduling and Planning Order); 367-2 (Plaintiffs' Expert & Rebuttal Witness Disclosure).

Second, TTC's Motion would also fail under Rule 16. There is no good cause shown in this case. TTC filed this Motion 295 days after the close of discovery. TTC itself states that it *chose* not to take Smith's deposition even though it was entitled to under the Rules.[26] It then waited until more than two months after this Court's Order at Docket 317 before reaching out to Plaintiffs to ask to depose Smith.[27] While the Court is sympathetic to the challenges brought about by the COVID-19 pandemic, there is no evidence that COVID-19 prevented TTC from taking Smith's deposition prior to the close of discovery, remotely or otherwise, or from asking the Court for an extension to take Smith's deposition. TTC chose not to exercise its right to depose Smith when it had the opportunity and now asks the Court to order a deposition just weeks before trial. It offers no persuasive reason why the Court should impose a sanction on Plaintiffs and order them to make Smith available for a deposition.

Accordingly, for the reasons stated above, the Motion at Docket 367 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 1, 2021.

---

[26] *See* Dkt. 367 at 7.
[27] *See* Dkt. 367-1.